# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jela D. Jones, | Civil No. 06-2317 (JRT/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Terry Carlson, Warden, | |
| Respondent. | |

Petitioner Jela D. Jones, pro se

Kimberly R. Parker, Assistant Minnesota Attorney General, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, for Respondent

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter comes before the undersigned United States Magistrate Judge on Respondent Terry Carlson's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 14) and Petitioner Jela D. Jones' Motion to Delete Ground One from the Petition (Doc. No. 18). This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.  For the reasons set forth below, the Court recommends that Respondent's motion be denied and Petitioner's motion be granted.

## I.   BACKGROUND

Petitioner Jela D. Jones was charged with two counts of third-degree criminal sexual conduct in Le Sueur County.  State v. Jones, 647 N.W.2d 540, 543 (Minn. Ct. App. 2002).  One count was for the sexual assault of a fifteen-year-old girl, in violation of Minn. Stat. § 609.344, subd. 1(b).  Jones, 647 N.W.2d at 543.  The second count was for the sexual assault of a physically helpless seventeen-year-old girl, in violation of Minn. Stat. § 609. 344, subd. 1(d).

Jones, 647 N.W.2d at 543. In November 2000, Petitioner was tried in the state district court for Le Sueur County. Id.

After the completion of voir dire, Petitioner, who is African-American, moved for a change of venue on the ground that there were not many minorities living in Le Sueur County. Id. The motion was denied. Id. In addition, the trial court ruled that the state could cross-examine Petitioner about his conduct regarding three other girls under the age of sixteen if Petitioner testified. Id. Petitioner elected not to testify. Id.

The jury found Petitioner guilty on both counts. Id. Petitioner was sentenced as a patterned and predatory sex offender to fifteen years in state prison and ten years of conditional release. Id. Petitioner challenged both his conviction and his sentence on direct appeal, raising several claims for relief. Id. The Minnesota Court of Appeals rejected most of Petitioner's claims, but found that an aspect of his sentence related to conditional release should be modified pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). Jones, 647 N.W.2d at 547-48.

At the request of the state, the Minnesota Supreme Court reviewed the court of appeals' ruling on Apprendi's application to Petitioner's sentence. State v. Jones, 659 N.W.2d 748, 750 (Minn. 2003). In a decision dated April 17, 2003, the Minnesota Supreme Court held that Petitioner's "10-year conditional release term . . . violates the rule set forth in Apprendi," and the case was remanded back to the trial court with instructions "to impose a 5-year conditional release term." Id. at 754. On August 27, 2003, the district court issued an order amending Petitioner's conditional release term to five years. (Jones Aff. ¶ 5, June 23, 2006.)

In April 2004, Petitioner filed a post-conviction petition challenging the duration of his sentence on several grounds, including ineffective assistance of appellate counsel. (Id. ¶ 6.) After nearly a year of post-conviction proceedings, which included addressing the application of

the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), to Petitioner's case, the post-conviction court denied relief. (Id. ¶ 8.) Thereafter, Petitioner appealed to the Minnesota Court of Appeals. (Id. ¶ 10.) On March 30, 2006, that court issued an order affirming the decision of the post-conviction court. (Id. ¶ 13.) The Minnesota Supreme Court denied Petitioner's petition for review on May 16, 2006. (Id. ¶ 14.) Petitioner did not seek any further judicial review of his conviction or sentence, until he filed his current federal habeas corpus petition on June 7, 2006. (Doc. No. 1; Pet. ¶ 10.)

Petitioner lists seven claims for relief in his current petition: (1) the trial court erroneously ruled that the prosecution could present evidence of past crimes to impeach Petitioner if he elected to testify at his trial; (2) the trial court erroneously denied Petitioner's motion for change of venue; (3) Petitioner's sentence was enhanced based on circumstances that were not properly found by a jury; (4) Petitioner was denied effective assistance of counsel on appeal; (5) Petitioner's sentence is unconstitutional under the Supreme Court's decision in Blakely; (6) "[t]he post-conviction court erred by refusing to consider Petitioner's claim of ineffective assistance of appellate counsel;" and (7) Petitioner's sentence is unconstitutional because "the district court sentenced the Petitioner using the preponderance of the evidence standard." (Id. ¶¶ 1-17.)

On November 20, 2006, Respondent moved to dismiss the petition on the ground that it contains both exhausted and unexhausted claims. Respondent specifically argues that the first and fourth claims were not exhausted in state court. In response to the motion, Petitioner filed a motion to "delete" his first claim and proceed with the remainder of the petition.

3

**II.    DISCUSSION**

Federal habeas relief is available to a state prisoner only after he has exhausted his claims in state court. 28 U.S.C. § 2254(b). In order to satisfy the exhaustion requirement, a petitioner must give the state's highest court "a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). To provide the state's highest court a fair opportunity to resolve federal claims, the petitioner must refer the court "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). Further, a habeas petitioner must exhaust his state court remedies with respect to all claims raised in the habeas petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982). A "mixed petition" – one containing both exhausted and unexhausted claims – will be dismissed for non-exhaustion. Id.

Petitioner concedes he did not exhaust his claim that the trial court erroneously permitted the state to present evidence of past crimes to impeach Petitioner if he elected to testify at his trial. Although Petitioner litigated this claim in the Minnesota Court of Appeals, he did not raise this issue in either his direct appeal to the Minnesota Supreme Court or his post-conviction petition. Thus, the claim is not exhausted. Acknowledging this, Petitioner has asked to "delete" the unexhausted claim from his habeas petition. Petitioner is entitled to do so, but he must file a new petition containing only the exhausted claims. See Rose, 455 U.S. at 510; Robley v. Anderson, No. Civ. 02-4199 (JRT/RLE), 2004 WL 742089, at *3 (D. Minn. Mar. 4, 2004) (Tunheim, J.).

As to the ineffective assistance of appellate counsel claim, Respondent asserts that Petitioner failed to present this claim to the Minnesota Supreme Court in appealing the post-

4

conviction petition.  The United States Supreme Court has held that the fair presentation requirement, for the purpose of exhausting federal remedies prior to seeking federal habeas relief, is not satisfied if the state court must read beyond a petition or a brief to find material alerting it to the presence of a federal claim.  See Baldwin v. Reese, 541 U.S. 27, 30-31 (2004).  In Baldwin, the United States Supreme Court held that a state prisoner's habeas petition did not "fairly present" an ineffective assistance of appellate counsel claim, because "his petition [did] not explicitly say that the words 'ineffective assistance of appellate counsel' refer[red] to a federal claim."  Id. at 33.  The Court also noted that the prisoner's ineffective assistance of appellate counsel claim did not refer to a provision of the Federal Constitution, and provided no citation to a case that might have alerted the state court to the federal nature of the claim.  Id.

Respondent submits that Petitioner failed to refer to any federal law in his post-conviction petition for review, and directs the Court to the first page of the petition, which frames the ineffective assistance of counsel issue as:

> Did the post-conviction court err by refusing to consider petitioner's claim of ineffective assistance of appellate counsel, raised in a post-conviction petition filed immediately subsequent to a direct appeal, where the claim could not have been raised on direct appeal?

(Pet. Rev. Decision Ct. Appeals at 1, Apr. 24, 2006.)  Respondent also cites to pages 4 and 5 of the petition, which mention state court cases.  (Id. at 4, 5.)

Respondent fails to note, however, that on page 7, Petitioner referred to a decision of the Eighth Circuit Court of Appeals, Chambers v. Bowersox, 157 F.3d 560 (8th Cir. 1998).  (Pet. Rev. Decision Ct. Appeals at 7.)  Chambers discusses a claim for ineffective assistance of appellate counsel under federal law.  157 F.3d at 566.  Petitioner's citation to Chambers in his petition fairly presented the federal nature of Petitioner's claim of

5

ineffective assistance of appellate counsel to the Minnesota Supreme Court.  See Dye v. Hofbauer, 546 U.S. 1, 7 (2005).  Accordingly, the claim is exhausted.

In conclusion, there is only one unexhausted claim in the petition, and Petitioner has asked to delete that claim.  Because Petitioner should be permitted to file an amended petition containing only his exhausted claims, Respondent is not entitled to dismissal unless Petitioner fails to file the new petition.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. No. 14) be **DENIED**; and

2. Petitioner's Motion to Delete Ground One from the Petition (Doc. No. 18) be **GRANTED.**


Dated: June 28, 2007

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 16, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.