# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JELA D. JONES,<br><br>Petitioner,<br><br>v.<br><br>TERRY CARLSON, Warden,<br><br>Respondent. | Civil No. 06-2317 (JRT/SRN)<br><br><br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Jela D. Jones, #207024, Minnesota Correctional Facility, 1000 Lakeshore Drive, Moose Lake, MN, 55767, petitioner *pro se*.

Kimberly R. Parker, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, for respondent.

Petitioner Jela Jones, a prisoner incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a Report and Recommendation dated May 28, 2008, United States Magistrate Judge Susan R. Nelson recommended that Jones's petition be denied. Jones filed objections to the Report and Recommendation, which the Court has reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons given below, the Court overrules Jones's objections and adopts the Magistrate Judge's Report and Recommendation.

**BACKGROUND**

Jones was convicted by a jury in November 2000 of two counts of third-degree criminal sexual conduct in violation of Minnesota Statute section 609.344, subdivisions 1(b) and 1(d). Following his conviction, the state court trial judge obtained a psychiatric report for purposes of sentencing from a forensic psychiatrist, Dr. Ian Heath. Jones declined to be interviewed for the psychiatric report. However, Dr. Heath had access to substantial information about Jones from other sources, including police and court records.

Dr. Heath's report listed and described Jones's many alleged sexual encounters with underage females. The report found that (1) Jones's current crimes had been motivated by sexual impulses; (2) Jones had demonstrated a predatory pattern of behavior in which he used drugs and alcohol to render his victims susceptible to his sexual advances; (3) Jones demonstrated behavior typical of a patterned sexual offender; (4) Jones remained a danger to the public; and (5) Jones remained at great risk of engaging in further criminal sexual behavior. Based on the report, the trial judge concluded that Jones should be sentenced as a patterned and predatory sex offender. Jones was sentenced to fifteen years in prison, the statutory maximum for a person convicted of violating Minnesota Statute section 609.344. The trial judge also imposed a ten-year term of conditional release.

Jones challenged his conviction and sentence on various grounds on direct appeal to the Minnesota Court of Appeals and the Minnesota Supreme Court. Jones argued in part that his sentence exceeded the statutory maximum and was based on factual

determinations made by a judge rather than a jury, in violation of the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Court of Appeals agreed, finding that the maximum statutory sentence for Jones's offense was a total of fifteen years comprising both incarceration and conditional release. *State v. Jones*, 647 N.W.2d 540, 548 (Minn. Ct. App. 2002) ("*Jones I*"). The Minnesota Supreme Court agreed that Jones's sentence violated *Apprendi*, but on grounds that the statutory maximum sentence for his offense was fifteen years imprisonment and *five* years of conditional release, rather than the ten years of release imposed by the trial judge. *State v. Jones*, 659 N.W.2d 748, 753 (Minn. 2003) ("*Jones II*"). The Minnesota Supreme Court therefore instructed the trial court to reduce Jones's conditional release term to the statutory maximum of five years, but affirmed the imposition of fifteen years of imprisonment.

Jones filed a post-conviction motion in state court in 2004. Jones argued in part that his sentence at the statutory maximum was based on factual determinations improperly made by a judge, that the evidence was insufficient to support the judge's sentencing determinations, and that he was denied effective assistance of counsel on his direct appeal. While that motion was pending, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004). The Court in *Blakely* held that the "statutory maximum" under *Apprendi* that may be imposed by a judge based on a preponderance of the evidence is the maximum sentence that is based "solely on . . . the facts reflected in the jury verdict or admitted by the defendant," not the maximum sentence that results after finding additional facts. *Id.* at 303-04. Following the decision

in *Blakely*, and while Jones's motion remained pending, the trial judge stated that because Jones's sentence at the statutory maximum reflected an enhancement based on the trial judge's determination that he was a patterned and predatory sex offender, the sentence would have to be set aside if *Blakely* were made retroactive. However, the Minnesota Supreme Court ultimately determined that *Blakely* was not retroactively applicable on collateral review.[1] *State v. Houston*, 702 N.W.2d 268 (Minn. 2005). The Minnesota Court of Appeals then applied *Houston* to uphold the denial of Jones's pending post-conviction motion. The Court of Appeals did not discuss the remaining issues raised in Jones's post-conviction motion. On May 16, 2006, the Minnesota Supreme Court summarily denied Jones's application for further review of his motion.

Jones then filed the instant habeas corpus petition. Jones asserts six grounds for relief: (1) that the trial court erroneously denied Jones's motion for a change of venue; (2) that his sentence should be set aside because (a) the sentence violates *Apprendi* and (b) there is insufficient evidence supporting the trial judge's determination that he is a patterned and predatory sex offender; (3) that he was denied effective assistance of counsel on appeal; (4) that *Blakely* is retroactively applicable on collateral review and requires the Court to vacate his sentence; (5) that the state courts erred in failing to

---

[1] As noted below, it is not clear how Jones's sentence would run afoul of the Supreme Court's holding in *Blakely* if it were applied retroactively. An individual convicted of criminal sexual conduct under section 609.344 is subject to a maximum of fifteen years in prison and five years of conditional release, regardless of whether that individual is determined to be a patterned and predatory sex offender. Minn. Stat. §§ 609.344, subd. 2; 609.109, subd. 7; *Jones II*, 659 N.W.2d at 752. Because Jones's final sentence reflected the statutory maximum that could be imposed under Minnesota statute based solely on the jury verdict, the rule in *Blakely* is not implicated. *Cf. Blakely*, 542 U.S. at 303 (finding constitutional violation where "petitioner was sentenced to more than three years *above the 53-month statutory maximum* of the standard range" based on judge's factual determination) (emphasis added).

adjudicate his ineffective assistance claims in his state post-conviction proceedings; and (6) that the Minnesota Supreme Court erred in determining that his modified sentence did not violate *Apprendi*.[2] The Magistrate Judge conducted a thorough analysis of Jones's claims, and ultimately recommended that this Court deny the petition. Jones then filed the instant objections.

## ANALYSIS

Habeas corpus relief is available to a state prisoner if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The Supreme Court has stated that clearly established federal law "refers to the holdings, as opposed to the dicta, of this Court's decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Where Supreme Court decisions "provide no categorical answer" to the issue at hand and do not "squarely address[] the issue" presented, federal law is not clearly established for purposes of a § 2254 petition. *See Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008); *Hill v. Wilson*, 519 F.3d 366, 368 (7th Cir. 2008) (stating that

---

[2] Jones's challenge to the constitutionality of his five-year term of conditional release is identical to his argument with respect to his claim in 2(a).

"a right becomes 'clearly established' only when a course of decisions has established how the Constitution's grand generalities apply to a class of situations").

A state court decision is "contrary to" clearly established Supreme Court precedent if it either reaches an opposite conclusion of law or arrives at a different outcome based on "materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application" of Supreme Court precedent if it identifies the correct legal principal but unreasonably applies that principle to the facts of the case. *See id.* at 413. Under 28 U.S.C. § 2254, a federal court cannot disregard the state court's factual determinations. Rather, "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

**I.   CHANGE OF VENUE**

Jones first argues that the trial court erred in denying his motion for a change of venue. According to Jones, he could not have received a fair trial in Le Sueur County because he is African-American, while most of the potential jurors in that county are white. The Minnesota Court of Appeals addressed Jones's claim on direct appeal, noting that while due process includes the right to an impartial jury, a change of venue is required only where the defendant can show "actual prejudice resulting from the jury's racial composition." *Jones I*, 647 N.W.2d at 544-45. The court denied Jones's change of venue claim because he had not shown actual prejudice resulting from the racial

composition of the jury. Jones now argues that the actual prejudice requirement should not apply because the very racial composition of the county where he was convicted prohibits a fair and impartial jury for minority defendants.

The Magistrate Judge determined that the state court's denial of Jones's change of venue claim was not contrary to, or an unreasonable application of, clearly established federal law. Indeed, as the Magistrate Judge noted, the United States Supreme Court has held that criminal defendants are not entitled to a jury of a particular racial composition. *Taylor v. Louisiana*, 419 U.S. 522, 538 (1975). Further, the Eighth Circuit in *Mallett v. Bowersox*, 160 F.3d 456, 461 (8th Cir. 1998), rejected the same argument raised by Jones here, holding that prejudice could not be inferred from the fact that the jury was drawn from a county with no (or a small number of) members of defendant's race. The court further noted that a petitioner must generally show "the actual existence of prejudice to prove he was denied the due process guarantee of a fundamentally fair trial." *Id.* at 460 (citing *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)). Jones's objections have failed to cite to any clearly established Supreme Court precedent holding that criminal defendants have a constitutional right to a particular racial composition of the jury or the jury venire. Accordingly, the Court agrees that the state court's denial of Jones's change of venue claim was not contrary to, or an unreasonable application of, clearly established federal law.

**II.   *APPRENDI***

Jones next contends that the Minnesota Supreme Court's imposition of a fifteen-year sentence, with five years of conditional release, violates his constitutional rights

under *Apprendi*, 530 U.S. at 490. Jones further argues that the evidence was insufficient to support the trial judge's determination that he is a patterned and predatory sex offender under Minnesota law.

Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* Here, the statutory ceiling for the offenses committed by Jones, independent of any additional factual determinations, was fifteen years imprisonment and five years of conditional release. Minn. Stat. §§ 609.344, subd.2; 609.109, subd. 7; *Jones II*, 659 N.W.2d at 753. As noted above, Jones was ultimately sentenced to the statutory maximum of fifteen years imprisonment followed by five years of conditional release. Because Jones's sentence did not exceed the statutory maximum based on additional factual findings by the trial court, it does not violate *Apprendi*. Accordingly, the Court concludes that Jones's sentence is not contrary to, or an unreasonable application of, clearly established federal law.[3]

Jones also contends that the trial court's determination that he was a patterned and predatory sex offender was based on insufficient evidence. As the Magistrate Judge noted, however, Jones did not challenge the sufficiency of the evidence either in his direct appeal of his conviction or in his subsequent post-conviction motions in state court. "Before a state prisoner is entitled to federal habeas corpus relief, he first must exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the

---

[3] Jones raises an identical argument in his sixth ground for habeas relief, which the Court denies for the reasons discussed above.

state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006). Where a state procedural rule precludes the petitioner from now raising the claim in state court, those claims are procedurally defaulted. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). A federal court in a habeas proceeding may not entertain a procedurally defaulted claim unless the petitioner shows "cause and prejudice" excusing his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal court declined to hear the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, the Court agrees that Jones's sufficiency of the evidence claim has been procedurally defaulted, as Jones failed to raise this claim in any of the prior state court proceedings. *See McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (stating that once petitioner has directly appealed his conviction, all claims "known but not raised[] will not be considered upon a subsequent petition for post-conviction relief"). Jones argues in his objections that his ineffective assistance of counsel claim – which was properly presented to the Minnesota Supreme Court – was based in part on counsel's failure to challenge the evidence in support of the trial court's findings, and thus necessarily raised the insufficiency of the evidence issue in appellate proceedings. However, "[i]t is not enough that all facts necessary to support a federal claim are before the state court or that the petitioner asserted a similar state law claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). As such, the Court will consider Jones's insufficiency of the evidence claim only if he demonstrates "cause and prejudice" excusing the default, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750.

Jones has not alleged any factual or legal basis that would support a "fundamental miscarriage of justice" exception to the procedural default rule. *See Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (stating that the fundamental miscarriage of justice exception "enables a federal habeas court to consider the merits of a defaulted claim when the petitioner makes a showing, based on new evidence, that a constitutional violation has probably resulted in the conviction of one who is actually innocent") (internal quotations omitted). On the other hand, Jones has asserted a claim for ineffective assistance of counsel with respect to the factual determinations of the trial judge, which, if successful, would constitute "cause and prejudice" excusing the procedural default of Jones's sufficiency of the evidence claim. *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). However, as discussed below, the Court agrees with the Magistrate Judge that Jones's ineffective assistance of counsel claim must be denied. Thus, the Court concludes that Jones's sufficiency of the evidence claim is procedurally defaulted, and Jones's § 2254 petition with respect to that claim must be denied.

## III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Jones argues that he was deprived of his constitutional right to effective assistance of counsel on appeal because his attorney failed to challenge the trial judge's factual determination that Jones was a patterned and predatory sex offender. Because the state courts denied Jones's ineffective assistance claim without discussion, the Magistrate Judge reviewed Jones's claim *de novo*, *see Henderson v. Minnesota*, No. 03-6507, 2005

WL 5168551, at *11 (D. Minn. July 25, 2005), and ultimately found that Jones's claim lacked merit. The Court agrees with that analysis and recommendation.

To support a valid claim of ineffective assistance of counsel, a petitioner must show both that his counsel's performance was deficient and that he was prejudiced by that deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of *Strickland*, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness in that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would use under like circumstances." *United States v. Acty*, 77 F.3d 1054, 1059 (8th Cir. 1996) (internal quotations omitted). The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. To satisfy the second prong of *Strickland*, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, Jones must demonstrate that a different sentence would likely have been imposed if his attorney had provided competent legal representation. *See Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995).

In his objections, Jones renews his contention that his appellate counsel failed to review the transcripts of his sentencing proceedings, and therefore failed to challenge on appeal the factual basis for the trial court's determination that Jones was a patterned and predatory sex offender. As noted by the Magistrate Judge, however, Jones has admitted that he urged his appellate counsel to challenge the trial court's determination, which

strongly suggests that appellate counsel was fully aware of the sentencing issue, but made a deliberate decision to omit the sufficiency of the evidence claim on appeal. Further, as discussed below, the psychiatric report contained substantial support for the trial judge's factual determination, and the record demonstrates that Jones made the decision not to participate in the sex offender evaluation process. These facts would have given Jones's appellate counsel a reasonable basis to omit a challenge on appeal to the trial judge's determination that Jones was a patterned and predatory offender. Jones has raised no new arguments in his objections that call these conclusions into doubt. Accordingly, the Court agrees that Jones has not shown that his appellate counsel's decision not to challenge the sufficiency of the evidence on appeal fell below an objective standard of reasonableness under the first prong of the *Strickland* test.

Further, Jones has not demonstrated that his sufficiency of the evidence argument would have been successful had it been raised on appeal. The psychiatric report prepared by Dr. Heath and relied upon by the trial judge concluded that Jones's crimes had been motivated by sexual impulses, that Jones had shown a predatory pattern of sexual behavior typical of a sex offender, and that Jones remained at great risk of engaging in future criminal sexual behavior. These facts, along with the fact of Jones's conviction, supported a determination that Jones should be sentenced as a patterned and predatory sex offender under Minnesota law. *See* Minn. Stat. § 609.108, subd. 1. Jones has not demonstrated that, had his appellate counsel challenged the sufficiency of this evidence on appeal, his sentence would have been different. As such, even if Jones could show that his appellate counsel's performance was deficient, he has not demonstrated prejudice

under the second prong of *Strickland*. For these reasons, the Court denies Jones's § 2254 petition to the extent he argues that he received ineffective assistance of counsel in the state court proceedings.

## IV.   *BLAKELY* RETROACTIVITY

Jones also argues that the trial court's sentence at the statutory maximum violates his constitutional rights under *Blakely*, 542 U.S. at 303-04, because it was based on factual determinations made by a judge by a preponderance of the evidence. While *Blakely* had not been decided at the time Jones's conviction became final, Jones argues that the state court erred in declining to apply *Blakely* retroactively to his case in his post-conviction proceedings.

However, the United States Supreme Court has not squarely addressed the issue of whether *Blakely* applies retroactively on collateral review. Further, the courts of appeals that have considered this issue, including the Eighth Circuit, have unanimously concluded that Blakely does *not* apply retroactively to convictions or sentences on collateral review. *See United States v. Stoltz*, 149 Fed. Appx. 567, 569 (8th Cir. 2005) (unpublished) (stating that "[e]very circuit court to consider the issue has held that *Blakely* is not retroactive"). As such, even if retroactive application of *Blakely* would impact Jones's sentence,[4] the Court concludes that the state court's refusal to apply

---

[4] As discussed above, Jones's final sentence reflected the statutory maximum that could be imposed under Minnesota statute without additional factual findings made by a judge. Minn. Stat. §§ 609.344, subd. 2; 609.109, subd. 7; *Jones II*, 659 N.W.2d at 752. Thus, unlike in *Blakely*, where the judge's factual determinations resulted in a sentence three years *above* the statutory maximum, Jones's sentence was the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict. *See Blakely*, 542 U.S. at 303-04.

*Blakely* retroactively is not contrary to, or an unreasonable application of, clearly established federal law.

## V. FAILURE TO ADDRESS INEFFECTIVE ASSISTANCE CLAIM

Finally, Jones argues that the state courts failed to adequately explain their denial of his ineffective assistance of counsel claim. The state appellate courts denied Jones's ineffective assistance claim raised in his post-conviction motion, but did not address the merits of that claim in a written opinion. However, the state court's failure to explain its decision in a written opinion does not amount to an error of constitutional dimension entitling Jones to habeas corpus relief under § 2254. *See Riley v. Lockhart*, 726 F.2d 421, 422 (8th Cir. 1984). Moreover, as discussed in detail above, the Court has determined that Jones was not deprived of his constitutional right to effective counsel in his state court proceedings. Jones has raised no new arguments in his objections that call that conclusion into question. As such, the Court agrees with the Magistrate Judge that Jones's § 2254 petition should be denied as to this claim.

## VI. CERTIFICATE OF APPEALABILITY

The Court may grant a Certificate of Appealability only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the issues must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C.

§ 2253, the Court concludes that it is unlikely that reasonable jurists would find the issues raised in Jones's § 2254 petition debatable, or that some other court would decide this petition differently. The Court therefore declines to grant a Certificate of Appealability.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** Jones's objections [Docket No. 36] and **ADOPTS** the Report and Recommendation dated May 28, 2008 [Docket No. 32]. **IT IS HEREBY ORDERED** that:

1. Jones's amended petition for writ of habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 23] is **DENIED**. This action is **DISMISSED with prejudice**.

2. For the purpose of appeal, the Court does not grant a Certificate of Appealability under 28 U.S.C. § 2253(c)(2).

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: October 27, 2008
at Minneapolis, Minnesota.

                              s/ John R. Tunheim
                                JOHN R. TUNHEIM
                              United States District Judge