UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JELA D. JONES, | Civil No. 06-2317 (JRT/SRN) |
| Petitioner, | |
| v. | **ORDER** |
| TERRY CARLSON, Warden, | |
| Respondent. | |

Jela D. Jones, #207024, Minnesota Correctional Facility, 1000 Lakeshore Drive, Moose Lake, MN, 55767, petitioner *pro se*.

Kimberly R. Parker, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, Suite 1800, 445 Minnesota Street, St. Paul, MN 55101, for respondent.

Petitioner Jela Jones, a prisoner incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota ("MCF-Moose Lake"), brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order dated October 27, 2008, this Court adopted a Report and Recommendation recommending that Jones's petition be denied. Jones has appealed that Order to the Eighth Circuit Court of Appeals, and has now filed a motion to proceed *in forma pauperis* ("IFP") on appeal and a motion for a Certificate of Appealability ("COA"). For the reasons given below, Jones's motion to proceed IFP is granted and his motion for a COA is denied.

**DISCUSSION**

**I.      MOTION TO PROCEED IFP ON APPEAL**

A litigant who seeks to be excused from prepaying the $455 filing fee for an appeal in a federal case may apply for IFP status. *See* 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must submit financial information demonstrating that he or she cannot afford to pay, or give security for, the full filing fee. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not "taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Jones has submitted information showing that his resources are limited to bi-weekly wages of $30, infrequent gifts from family, and a $300 "gate fee" saved for his release. Based on that information, the Court finds that Jones meets the financial requirements for IFP status. In addition, although the Court remains fully satisfied that Jones's habeas corpus petition was properly denied, his appeal of that ruling is not "frivolous" as that term has been defined by the Supreme Court. Accordingly, Jones's motion for IFP status on appeal is granted.

IFP status on appeal, however, does not relieve Jones of the obligation to pay the $455 appellate filing fee, which is assessed upon the receipt of a prisoner's notice of appeal. *Henderson v. Norris*, 129 F.3d 481, 483-85 (8th Cir. 1997); *see* 28 U.S.C. § 1915(b). IFP status on appeal merely permits Jones to pay the filing fee in installments, pursuant to a schedule set by 28 U.S.C. § 1915(b). *See Henderson*, 129 F.3d at 483-84. If Jones has sufficient means, he is required to make an initial partial payment toward the filing fee. *See id.*; 28 U.S.C. § 1915(b)(1). Whether or not he has made this initial payment, however, he is required to pay the remaining balance through periodic deductions from his prison trust account. *See Henderson*, 129 F.3d at 483-84; 28 U.S.C. § 1915(b)(2).

Jones's initial filing fee is "20 percent of the greater of (A) the average monthly deposits to [his] account; or (B) the average monthly balance in [his] account for the 6-month period immediately preceding the filing of the complaint or notice of appeal." 28 U.S.C. § 1915(b)(1). Here, an authorized officer at Jones's correctional facility certified that those numbers are $202.69 and $35.91, respectively.[1] Thus, Jones's required initial filing fee is $40.54. Pursuant to *Henderson*, this Court instructs MCF-Moose Lake to pay this amount from Jones's account to the clerk of the district court. 129 F.3d at 485.

---

[1] After Jones failed to include this information in his initial IFP application, this information was supplied by MCF-Moose Lake on January 6, 2009 at the request of the Court. The Certificate submitted by MCF-Moose Lake is attached to this Order.

MCF-Moose Lake shall "calculate and pay the remaining installments to the clerk of the district court until the whole of the appellate filing fees has been paid in full as provided by § 1915(b)(2)[.]" *Henderson*, 129 F.3d at 485. That provision states that:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2).[2]

**B. MOTION FOR COA**

A state prisoner who is challenging the legality of his custody is not permitted to take an appeal in a federal habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Here, this Court concluded in its prior Order adopting the Report and Recommendation that Jones failed to meet this standard. The Court finds no reason to revisit that determination here. Accordingly, Jones's request for a COA is denied.

---

[2] The Court notes that in the information submitted by MCF-Moose Lake, which was current as of November 2008, it appeared that Jones had just $12.26 actually available in his account. If this is still the case as of the date of this Order, it obviously may not be possible for MCF-Moose Lake to remove $40.54. In that case, Jones's failure to pay this amount should not bar his appeal from proceeding. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the reason that the prisoner has no . . . means by which to pay the initial partial filing fee."); *Henderson*, 129 F.3d at 484 (noting that "calculation and collection steps do not delay the court's resolution of merits of the appeal"). Rather, MCF-Moose Lake should begin following the formula set in § 1915(b)(2).

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Jones's Motion for Leave to Appeal in forma pauperis [Docket No. 44] is **GRANTED**. MCF-Moose Lake shall pay $40.54 from Jones's prison trust account to the clerk of the district court. If Jones does not have $40.54 in his account, MCF-Moose Lake shall begin forwarding payments in the manner set forth below, in paragraph 2.

2. Regardless of whether Jones pays the initial partial filing fee, Jones shall begin making monthly payments of 20 percent of his preceding month's income credited to his account. MCF-Moose Lake shall forward payments from Jones's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

3. Jones's Motion for Certificate of Appealability [Docket No. 45] is **DENIED**.

DATED: February 5, 2009　　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge